## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RANDY E. MAYFIELD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **Case No. 09-2033-KHV-DJW** |
| **JOHN MERCHANT,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Stay Discovery (doc. 7).  Defendant asks the Court to stay discovery and all pretrial proceedings pending resolution of his fully-dispositive Motion for Judgment on the Pleadings (doc. 5) that invokes qualified immunity.  Plaintiff does not oppose Defendant's Motion.[1]  The Court has considered the Motion on its merits and, for the reasons set forth below, the Court will grant the Motion.

The general policy in the District of Kansas is not to stay discovery even if a dispositive motion is pending.[2]  However, the Court finds that a stay is appropriate here under the factors set forth in *Wolf v. United States.*[3]  *Wolf* held that it is appropriate for a court to stay discovery until a pending dispositive motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful

---

[1] Pl.'s Resp. to Def.'s Mot. to Stay Disc. (doc. 19).

[2] *See Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[3] *See id.*

and burdensome."[4]  Here, Defendant's pending Motion for Judgment on the Pleadings (doc. 5), if granted, would resolve all of the claims pending in this case.  In addition, conducting discovery would not affect resolution of the Motion for Judgment on the Pleadings, which seeks judgment on the grounds that (a) Plaintiff's Complaint fails to state a claim upon which relief can be granted, and (b) Defendant is entitled to qualified immunity.  Finally, the Court concludes that discovery on all issues in Plaintiff's Complaint would be burdensome at this point.

The Court also finds a stay of discovery and pretrial proceedings to be appropriate given that Defendant's Motion for Judgment on the Pleadings raise issues as to qualified immunity.  Defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[5]  "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[6]  The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[7]

For the foregoing reasons, the Court will grant Defendant's Motion.

---

[4] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[5] *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991).

[6] *Id*. at  232.

[7] *See id*. at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Discovery (doc. 7) is granted.  All discovery and pretrial proceedings are hereby stayed until the Court has ruled on Defendant's pending Motion for Judgment on the Pleadings (doc. 5).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 19th day of August 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties