IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDY E. MAYFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-2033-KHV |
| JOHN MERCHANT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Under 42 U.S.C. § 1983, Randy E. Mayfield brings suit against John Merchant, Sheriff of Brown County, Kansas, for violation of the United States Constitution. Plaintiff, a former sheriff's deputy in Brown County, alleges that defendant violated the First Amendment when he fired plaintiff for running against him in the Republican primary election for Brown County sheriff in 2008. This matter is before the Court on <u>Defendant's Motion For Judgment On The Pleadings</u> (Doc. #5), filed June 29, 2009. Defendant seeks dismissal under Rule 12(c) of the Federal Rules of Civil Procedure, contending that plaintiff does not present a cognizable claim for a First Amendment violation and that because defendant is a government official, he has qualified immunity from suit. The Court finds that the motion should be overruled.

**Legal Standards**

A motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is governed by the same standards as a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P.[1] See Atl.

---

[1] Fed. R. Civ. P. 12(c) states in relevant part as follows: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

1

Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000); Mock v. T .G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough for him to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on

context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 232-32 (3d. Cir. 2008)).

## Factual Background

Plaintiff's complaint alleges the following facts:

From 1992 until August 6, 2008, plaintiff worked as a deputy with the Brown County sheriff's office. On March 6, 2008, plaintiff filed to run as a Republican candidate for sheriff. Defendant, who was the incumbent, also filed to run for the Republican nomination. On August 5, 2008, plaintiff and defendant both appeared on the Republican ballot in the primary election. Defendant won. The following day, defendant told plaintiff that because of unspecified statements which plaintiff had made during the campaign, his employment was being terminated. Defendant told plaintiff that he could resign or be fired. Plaintiff refused to resign and defendant fired him.

## Analysis

### A. First Amendment Violation

Defendant contends that plaintiff has not presented a cognizable claim for discrimination based on political affiliation. Defendant acknowledges that the First Amendment generally protects public employees from discrimination based upon political affiliation, but argues that "political affiliation" protection does not apply when a subordinate runs for election against his boss. Jantzen v. Hawkins, 188 F.3d 1247 (10th Cir. 1999) (no violation of right to political affiliation where plaintiff testified he was fired because he ran for sheriff against his boss and provided no evidence that boss terminated his employment for supporting or affiliating with particular political party). Plaintiff agrees that under Jantzen, he has no claim of discrimination

3

based on political affiliation. He argues that defendant fired him because of statements which he made during the campaign, however, and that defendant therefore violated his First Amendment right to freedom of speech – not his right of political affiliation.

To determine whether an employer has denied an employee his constitutional rights by terminating his employment for speaking on matters of public concern, the Tenth Circuit uses the test set out in Garcetti v. Ceballos, 547 U.S. 410 (2006), and adopted in Brammer-Hoelter v. Twin Peaks Charter Acad., 492 F.3d 1192, 1202 (10th Cir. 2007).[2] See Dixon v. Kirkpatrick, 553 F.3d 1294, 1301-1302 (10th Cir. 2009). The Garcetti/Pickering test examines five factors, as follows: (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests in promoting the efficiency of the public service, as an employer, are sufficient to outweigh plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether defendant would have reached the same employment decision in the absence of the protected conduct. Id. at 1302. The first three factors are issues of law to be decided by the Court, and the last two are factual issues to be decided by the factfinder. Id.

The first two factors determine whether the employee's speech was protected. Where the employee speaks pursuant to official duties, the restriction on speech "reflects the exercise of employer control over what the employer itself has commissioned or created," and the speech is

---

[2] Plaintiff argues that his claim should be evaluated under a four-prong test known as the Pickering/Connick test. See Horstkoetter v. Dept. of Pub. Safety, 159 F.3d 1265, 1271 (10th Cir. 1998) (quoting Connick v. Myers, 461 U.S. 138 (1983) and Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, 391 U.S. 563 (1968)); Jantzen, 188 F.3d at 1257. Garcetti modified Pickering/Connick, however, by adding a fifth prong which is evaluated first: whether the speech in question was made pursuant to the employee's official duties. See Dixon, 553 F.3d at 1302.

not constitutionally protected. Brammer-Hoelter, 492 F.3d at 1202 (quoting Garcetti, 547 U.S. at 422). If an employee does not speak pursuant to official duties but speaks as a citizen, the Court must determine whether the subject of the speech is a matter of public concern. Brammer-Hoelter, 492 F.3d at 1202-03 (citing Green v. Bd. of County Commr's, 472 F.3d 794, 798 (10th Cir. 2007). If the speech is not a matter of public concern, then it is unprotected and the inquiry ends. Id. at 1203.

If the Court concludes that the employee's speech was protected under the first two factors, it examines whether the employee's interest in commenting outweighs the interest of the state as employer. Dixon, 553 F.3d at 1304. Under the third factor, if the employee speaks as a citizen on a matter of public concern, the Court must determine "whether the employee's interest in commenting on the issue outweighs the interest of the state as employer." Brammer-Hoelter, 592 F.3d at 1203 (quoting Casey v. W. Las Vegas Indep. Sch. Dist., 473 F.3d 1323, 1327 (10th Cir. 2007)). Unless the government employer can show that the termination was based on legitimate reasons grounded in the efficient conduct of public business, plaintiff's First Amendment interest prevails and the Court does not need to balance the employee's interest in comment against the interest of the employer in "preventing the disruption of official functions or ensuring effective performance by the employee." Dixon, 553 F.3d at 1304 (quoting Gardetto v. Mason, 100 F.3d 803, 815 (10th Cir. 1996). Fourth, assuming the employee's interest outweighs that of the employer, the employee must show that his speech was a "substantial factor or a motivating factor in a detrimental employment decision." Brammer-Hoelter, 492 F.3d at 1203 (quoting Lybrook v. Members of Farmington Mun. Schs. Bd. of Educ., 232 F.3d 1334, 1338 (10th Cir. 2000)). Finally, if the employee establishes that his speech was such a factor, "the employer may demonstrate that it would have taken the same action against the employee

even in the absence of the protected speech." Brammer-Hoelter, 492 F.3d at 1203 (quoting Lybrook, 232 F.3d at 1339.

Here, plaintiff does not address the first factor – whether his speech was made pursuant to official duties, presumably because his brief employs the Pickering/Connick test rather than the Garcetti/Pickering test. Defendant, however, does not argue that plaintiff's speech was pursuant to official duties. Accordingly, for purposes of this motion, the Court will assume that plaintiff's speech was not made pursuant to official duties.

With respect to the second factor, plaintiff argues that speech about elections is a matter of great public concern under Cragg v. City of Osawatomie, 143 F.3d 1343, 1346 (10th Cir. 1998). With respect to the third factor, whether defendant's interest in regulating speech outweighed plaintiff's free speech interest, plaintiff notes that defendant's only proffered reason for terminating his employment is that a sheriff may fire a subordinate deputy who runs against him. Because this implicates political affiliation – rather than speech – under the First Amendment, plaintiff assumes that defendant would advance the same interest as that which was asserted in Jantzen – that defendant fired him to promote effective law enforcement. Plaintiff then argues that under Jantzen, because defendant offers no specific evidence that plaintiff disrupted the workplace or would do so in the future, defendant does not allege that his interest outweighs plaintiff's right to free speech.

Defendant offers no analysis or argument to counter plaintiff's response to the motion for judgment on the pleadings. Rather, defendant argues that plaintiff's complaint does not comply with Rule 8(a)(2) because it does not give fair notice of plaintiff's claim or the grounds on which

it rests.[3] Defendant apparently concedes that plaintiff's theory is actionable but argues that it is not sufficiently alleged. Specifically, defendant complains that the complaint does not contain sufficient factual allegations to put him on notice that plaintiff's First Amendment claim implicates his right to free speech rather than his right to political affiliation. Defendant also complains that plaintiff's Pickering/Connick analysis impermissibly rests upon facts which do not appear in the complaint and argues that the complaint should be dismissed under Iqbal because it contains mere legal conclusions. He offers no argument or analysis to counter plaintiff's Pickering/Connick analysis.

Plaintiff's response does not include additional facts and does not impermissibly attempt to "amend" his complaint. Rather, plaintiff offers legal analysis to address two of the first three Garcetti/Pickering factors. While the complaint does indeed reflect a barebones approach to pleading, it is not deficient under Iqbal. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends on the type of case. Robbins, 519 F.3d at 1248. Here, plaintiff's complaint alleges that defendant fired him in retaliation for things which plaintiff said during the campaign – which is what defendant told him. Complaint (Doc. #1) at ¶15. Accordingly, the Court overrules defendant's motion on this ground.

### B. **Qualified Immunity**

Defendant argues that as a public official performing a discretionary duty, he is entitled to qualified immunity from suit under 42 U.S.C. § 1983. Anderson v. Creighton, 483 U.S. 635, 647 (1987). Government officials performing discretionary functions generally are shielded

---

[3] Defendant cites Rule 8(2)(a), which does not exist. The Court assumes that defendant intended to cite Fed. R. Civ. P. 8(a)(2), which requires in part that a pleading include a "short and plain statement showing that the pleader is entitled to relief. . . ."

from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity provides government officials immunity from suit as well as from liability for their discretionary acts. See Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985). The doctrine of qualified immunity serves the goals of protecting officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority. Butz v. Economou, 438 U.S. 478, 506 (1978). When reviewing a qualified immunity defense under Rule 12, the Court should not dismiss a complaint if the specific allegations in the complaint plausibly support a legal claim for relief. Choate v. Lemmings, 294 Fed. Appx. 386, 391 (10th Cir. 2008). A plaintiff alleging a Section 1983 claim is not required to "plead around" a possible qualified immunity defense, and therefore must make but two allegations: that he was deprived of a federal right and that the person who deprived him acted under state law. Id.[4]

To determine whether plaintiff can overcome the qualified immunity defense, the Court determines whether plaintiff has asserted a violation of a constitutional right and whether that right was clearly established such that a reasonable person would have known that the conduct violated that right. Silvan W. v. Briggs, 309 Fed. Appx. 216, 222 (10th Cir. 2009). It is often appropriate to first determine whether a violation occurred and then determine whether the

---

[4] Summary judgment provides the typical vehicle for asserting a qualified immunity defense. Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004). When defendant asserts a qualified immunity defense at the summary judgment stage, the burden shifts to plaintiff, who must establish that defendant violated a constitutional right and that the constitutional right was clearly established. Vondrak v. City of Las Cruces, 535 F.3d 1198, 1204 (10th Cir. 2008).

constitutional right was clearly established, though the order of steps is not mandatory. Id. at 222, n.3. (citing Pearson v. Callahan, 129 S. Ct. 808, 818 (2009)).

Viewed in the light most favorable to plaintiff, the complaint alleges a constitutional violation. Therefore the Court must determine whether, at the time of the alleged violation, that right was so clearly established that a reasonable person would have known that the conduct violated that right. Brantley v. Unified Sch. Dist. No. 500, 08-2059-KHV, 2008 WL 2079411, at *5 (D. Kan. May 15, 2008) (citing Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996)). For a right to be "clearly established," a Supreme Court or Tenth Circuit decision on point must exist, or the clearly established weight of authority from other courts must have found the law to be as plaintiff maintains. Id. (quoting Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 516 (10th Cir. 1998)).

Defendant argues correctly that Jantzen forecloses First Amendment political association claims where subordinates are fired for running against their bosses, so no clearly established constitutional right exists for that type of claim. "On countless occasions," however, the United States Supreme Court and the Tenth Circuit have determined that a public employer cannot retaliate against an employee for exercising his constitutionally protected right of free speech. Id. (collecting cases). Thus the law is clearly established, and was, at the time of the alleged violation, that a public employer may not penalize an employee for speech on a matter of public concern. Id.

Here, the pleadings adequately allege that defendant retaliated against plaintiff for speaking about matters of public concern. Therefore it would be premature to find that defendant is entitled to qualified immunity. Id. (citing Hammett v. Okla. Dep't of Mental Health, 153 F.3d 727 (Table), 1998 WL 427079, at *4 (10th Cir. 1998)).

**IT IS THEREFORE ORDERED** that Defendant's Motion For Judgment On The Pleadings (Doc. #5), filed June 29, 2009 be and hereby is **OVERRULED.**

Dated this 25th day of January, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge